TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ARON KETCHEL
Arizona State Bar No. 038421
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Aron.Ketchel@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Robert Steven Swagger,<br><br>　　　　　Defendant. | No. CR-25-01591-PHX-SMB (DMF)<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and defendant, Robert Swagger, hereby agree to dispose of this matter on the following terms and conditions:

**1.　PLEA**

The defendant will plead guilty to Count 1 of the Information charging the defendant with a violation of Title 15, United States Code (U.S.C.) §§ 77e(a)(1), 77x, Sale of Unregistered Securities, a Class D felony offense.

**2.　MAXIMUM PENALTIES**

　　a.　A violation of 15 U.S.C. §§ 77e(a)(1), 77x is punishable by a maximum fine of $250,000, or twice the gross gain or gross loss from the offense, whichever is greatest, a maximum term of imprisonment of 5 years, or both, and a term of supervised release of 3 years. A maximum term of probation is five years (including a minimum term of one year if probation is imposed).

b.	According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order defendant to:

(1)	make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)	pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)	serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)	pay upon conviction a $100 special assessment for each count to which defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.	The Court is required to consider the Sentencing Guidelines in determining defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.	**AGREEMENTS REGARDING SENTENCING**

a.	Recommendation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States agrees that it will recommend a sentence no higher than the low end of the sentencing Guidelines range as calculated under U.S.S.G. § 1B1.1(a). This sentencing recommendation will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude the defendant from moving for a downward departure, variance, or sentence below the calculated sentencing range, or the court from imposing a sentence below the calculated sentencing range.

b.	Recommendation: Loss Amount. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), for purposes of calculating the Sentencing Guidelines range, the United States and

defendant agree that the total loss from defendant's combined unlawful conduct under U.S.S.G. § 2B1.1, is more than $3,500,000 but not greater than $9,500,000.

      c.    <u>Restitution</u>. Pursuant to 18 U.S.C. § 3663 and/or 3663A, defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $4,280,000, to all victims directly or proximately harmed by defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw defendant's guilty plea or to withdraw from this plea agreement. If, prior to sentencing in this matter, any victim, as defined above, receives compensation from the disposition of assets of Trendex Group, Inc., that amount of compensation will be credited toward the restitution owed to that victim by defendant.

      d.    <u>Assets and Financial Responsibility</u>. Defendant shall make a full accounting of all assets in which defendant has any legal or equitable interest. Defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). Defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to defendant in order to evaluate defendant's ability to satisfy any financial obligation imposed by the Court. Defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

e. <u>Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

f. <u>Concurrent Sentences</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend that defendant's sentence in this matter be ordered to run concurrent to the sentence defendant receives in the matter *U.S. v. Swagger*, CR 23-1292-SMB.

g. <u>Non-Binding Recommendations</u>. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

4. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, defendant waives any and all objections, motions, and defenses based upon

the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. Defendant understands that any statements made at the time of defendant's change of plea or sentencing may be used against defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

5. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

Defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that defendant could assert to the indictment or information, including any applicable statute of limitations; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against defendant, or any aspect of defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

6. **DISCLOSURE OF INFORMATION**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that defendant provides to the United States pursuant to this agreement may be used against defendant at any time.

c. Defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of defendant to pay a fine or restitution.

7. **FORFEITURE - CRIMINAL, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

b. The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offense(s), or which was used to facilitate the commission of the offense(s), including the following property:

A sum of money equal to $4,280,000, which amount represents the proceeds that the defendant obtained, directly or indirectly, possessed, owned, and exercised dominion or control. If the restitution ordered in this matter is reduced pursuant to

the terms described in Paragraph 3(c) above, the sum of money to be forfeited will be reduced by the same amount.

       c.     The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C. § 2461(c).

       d.     Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

       e.     The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

f. The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant further agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed property. The defendant agrees to waive his/her right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

g. The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offense(s).

h. The defendant hereby waives, and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above. Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he/she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

8. **ELEMENTS**

**Sale of Unregistered Securities (15 U.S.C. § 77e(a)(1))**

Between 2015 and 2022, in the District of Arizona:

1. the defendant sold securities;
2. the securities that were sold were required to be registered with the Securities and Exchange Commission—that is, the transactions were not exempt from registration;
3. the securities that were sold were not registered with the Securities and Exchange Commission;

4. knowing the shares were not registered and not exempt, the defendant willfully sold or caused the shares to be sold to the public; and
5. the defendant knowingly, directly or indirectly, used or caused to be used the mails or the means and instrumentalities of interstate commerce for the purpose of selling the securities.

10. **FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

b. Between 2015 and 2022, Defendant was the President and CEO of the Trendex Group, Inc., a corporation offering a variety of financial services and products. One of its products was a Merchant Seat Membership Program ("the Seat Program"), which afforded an opportunity to purchase seats on the Trend Exchange, Inc., a Trendex Group subsidiary, which was to be a futures and options trading exchange registered with the Commodity Futures Trade Commission.

Investors in the Seat Program purchased a purported Membership Seat Unit that included both a membership seat – or a portion of a seat – on the Trend Exchange, along with shares of Trendex Group stock. Defendant willfully sold investments in the Seat Program between approximately 2015 and 2022. For example, on August 31, 2020, Defendant knowingly and willfully sold an unregistered security to victim M.S. in exchange for $250,000. Defendant knew the security he sold to M.S. was required to be registered with the U.S. Securities and Exchange Commission but was not registered at the time of the sale. Defendant used interstate communications, including email, to effectuate the sale of the unregistered security to M.S.

All of the sales involved the use of interstate wire and/or mail communications, and included conduct in the District of Arizona. The Seat Program constituted a security, and it was neither registered nor exempt from registration.

Defendant agrees he caused losses totaling $4,280,000, through the illegal sale of unregistered securities and agrees to pay restitution to the following individuals and entities in the following amounts:

| K.Z. | $100,000 |
|---|---|
| D.J. | $420,000 |
| M.W. | $300,000 |
| R.W. | $425,000 |
| R.J. | $125,000 |
| M.S. | $570,000 |
| B.N. | $490,000 |
| STS | $250,000 |
| A.H. | $250,000 |
| A.M. | $250,000 |
| F.I. | $250,000 |
| C.P. | $50,000 |
| M.M. | $25,000 |
| G.I. | $250,000 |
| A.Q. | $300,000 |
| T.O. | $200,000 |
| C.E. | $25,000 |
| Total | **$4,280,000** |

c. Defendant shall swear under oath to the accuracy of this statement and, if defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in defendant's testimony may subject defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

19 Nov 2025
Date

ROBERT STEVEN SWAGGER
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with defendant. No assurances, promises, or representations have been given to me or to defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

November 19, 2025
Date

MARK KOKANOVICH
ELIZABETH KELLEY
Attorneys for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

11/20/25
Date

*Digitally signed by ARON KETCHEL*
*Date: 2025.11.20 14:29:32 -07'00'*

ARON KETCHEL
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

Date

Honorable
United States District Judge